**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Peggy Lei KEITH, Defendant–**
**Appellant.**

**No. 00–10513.**

**D.C. No. CR–00–00180–JMR.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Peggy Lei Keith appeals her sentence of 30 months following her conviction by conditional guilty plea for possession with intent to distribute marijuana, in violation 21 U.S.C. § 841(a)(1) & (b)(1)(C). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Keith contends that the district court erred when it denied her motion to suppress evidence and concluded that the border patrol agent had reasonable suspicion to stop her automobile. We review the district court's determination of reasonable suspicion de novo, and its underlying factual findings for clear error. *See United States v. Lopez–Soto*, 205 F.3d 1101, 1103–04 (9th Cir.2000).

Reasonable suspicion is based on the totality of the circumstances. *See United States v. Hernandez–Alvarado*, 891 F.2d 1414, 1416 (9th Cir.1989); *see also United States v. Tiong*, 224 F.3d 1136, 1140 (9th Cir.2000) (stating the quantum of proof needed for reasonable suspicion is less than a preponderance of the evidence, and less than probable cause). In the context of border patrol searches, the district court determines the existence of reasonable suspicion by considering the characteristics of the area, the defendant's proximity to the border, previous alien or drug smuggling in the area, and the officer's experience. *See United States v. Garcia–Barron*, 116 F.3d 1305, 1307 (9th Cir.1997). Here, the border patrol agent credibly testified that: he had three years experience patrolling the United States border location; on two consecutive days, Keith pulled away from known alien smuggling locations; both locations were near the border; Keith drove northbound away from the border; and he saw what appeared to be a person laying on the floor behind the driver's seat. Because these facts sufficiently support the district court's determination of reasonable suspicion, we conclude that the district court did not clearly err in its factual findings and properly determined that the border patrol agent had reasonable suspicion to stop Keith. *See id.* at 1308 (affirming reasonable suspicion where defendant-driver was seen on a road often used to circumvent the border checkpoint and the passengers ducked down when the border patrol agent spotted them).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.